## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BURTON W. WIAND, ESQ., as
Court-Appointed Receiver for
SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT
PARTNERS, L.P., VICTORY IRA
FUND, LTD., VICTORY FUND, LTD.,
VIKING IRA FUND, LLC, and
VIKING FUND, LLC,

      Plaintiff,                        CASE NO.: 8:12-cv-00557-JDW-EAJ

  v.

WELLS FARGO BANK, N.A., as
successor-in-interest to Wachovia Bank, N.A.
and Timothy Ryan Best,

      Defendants.

_____/

## DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO COMPEL ANSWERS TO FIRST SET OF INTERROGATORIES TO PLAINTIFF AND INCORPORATED MEMORANDUM OF LAW AND LOCAL RULE 3.01(G) CERTIFICATE

Defendant Wells Fargo Bank, N.A. as successor by merger with Wachovia Bank, N.A. ("Wachovia"), through its counsel and pursuant to Rule 37 of the Federal Rules of Civil Procedure, hereby moves this Court to compel Plaintiff Burton W. Wiand, Esq. as receiver (the "Receiver") for Scoop Real Estate, L.P., Valhalla Investment Partners, L.P., Victory IRA Fund, Ltd., Victory Fund, Ltd., Viking IRA Fund, LLC and Viking Fund, LLC (the "Hedge Funds") to answer Wachovia's First Set of Interrogatories as set forth herein.

**A.  Rules Governing Discovery**

Rule 26(b)(1) provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

1.  The Requirement of a Privilege Log

Subsection (b)(5) of Rule 26 further provides that:

> [w]hen a party withholds information otherwise discoverable by claiming that the information is privileged …, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

The party who asserts a privilege bears the burden of proving that the privilege applies to the discovery withheld. *Royal Marco Point 1 Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 2010 WL 5161111, *2 (M.D. Fla. Dec. 14, 2010) (internal citations omitted).  Failure to produce an adequate privilege log may result in the waiver of the privileges asserted. *See Anderson v. City of Naples*, 2010 WL 4853916, *3 (M.D. Fla. Nov. 22, 2010).

2.  Information in Party's Possession, Custody or Control Must be Produced

Objections to production based on the fact that the information requested may be retrieved from the public record or another third party are not valid objections. *Pepperwood of Naples Condo. Ass'n*, 2011 WL 3841557, at *4 (M.D. Fla. Aug. 29, 2011) ("Courts have unambiguously stated that this exact objection is insufficient to resist a discovery request.") (citations omitted); *Jackson v. W. Virginia Univ. Hospitals, Inc.*, 1:10CV107, 2011 WL 1831591, *2 (N.D.W. Va. May 12, 2011); *Benedict Coll. v. Nat'l Credit Sys., Inc.*, CA 3:08-

2520-JFA, 2009 WL 3839473, *6 (D.S.C. Nov. 16, 2009); *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000).  Likewise, an objection that the information requested is in the requesting party's possession is not a valid objection. *Gomez v. Tyson Foods, Inc.*, 8:08CV21, 2012 WL 3111897, *4 (D. Neb. July 31, 2012) ("[A]n objection based on information that the moving party is already in possession of documents it seeks to obtain by inspection, is an insufficient response to requests for production; a party is required to produce documents in its possession, custody, or control, regardless of whether it believes the requesting party already has those documents."); *Am. Rock Salt Co., LLC v. Norfolk S. Corp.*, 228 F.R.D. 426, 440 (W.D.N.Y. 2004); *Fort Washington Res., Inc. v. Tannen*, 153 F.R.D. 78, 79 (E.D. Pa. 1994).

3. <u>Discovery Related to Allegations in Original or First Amended Complaint Permissible</u>

Discovery into allegations withdrawn from a party's amended pleading is relevant and permissible. *Tallman v. Freedman Anselmo Lindberg LLC*, 11-CV-3201, 2012 WL 1108641, *1-*2 (C.D. Ill. Apr. 2, 2012) (compelling production from party that objected to discovery regarding allegations in original complaint because party made the information relevant to the litigation when it made the allegations); *see also In re Harmonic, Inc. Sec. Litig.*, 245 F.R.D. 424, 427 (N.D. Cal. 2007) (compelling response to interrogatory for information related to allegation that was removed from amended complaint).

### 4.   Contention Interrogatories are Permitted

Finally, contention interrogatories seeking the factual basis supporting a party's claims are permitted. *Vanhorn v. Behavioral Support Servs., Inc.,* 607-CV-1696ORL-22DAB, 2008 WL 4539463, *1 (M.D. Fla. Oct. 8, 2008) (overruling defendant's overbroad and premature objections to contention interrogatories); *Hendricks v. Mirabilis Ventures, Inc.,* 807-CV-661-T-17EAJ, 2008 WL 423566, *1-*2 (M.D. Fla. Feb. 13, 2008) (same). Moreover, it is improper to object on the basis that a request is premature or discovery is ongoing to a request for factual support for a party's allegations. *Zuniga v. Bernalillo Cnty.,* CIV. 11-877 RHS-ACT, 2013 WL 3328692, *7 (D.N.M. Mar. 21, 2013) ("Parties must answer interrogatories with whatever information they have.") (citation omitted); *Titre v. S.W. Bach & Co.,* CIV05-80077MARR, 2005 WL 1692508, *3 (S.D. Fla. July 20, 2005). Although contention interrogatories may be limited if served prior to substantial completion of fact discovery, the discovery deadline in this case is October 11, 2013. *See In re Domestic Air Transp. Antitrust Litig.,* 1:90-CV-2485-MHS, 1992 WL 120351, *1-*2 (N.D. Ga. Apr. 8, 1992).

### B.   Wachovia Moves this Court to Compel the Receiver to Answer the Following Interrogatories.

Wachovia seeks entry of an Order compelling the Receiver to answer each of the following interrogatories, to which the Receiver has responded as indicated:

### 1.   Interrogatory No. 1

For each lawsuit the Receiver has initiated in his capacity as Receiver for the Hedge Funds, please provide:

a. The case title, case number, and court;

b. The name, address and telephone number for each defendant joined as a party, and the name, address and telephone number for counsel of record for each such defendant;

c. The name, address and telephone number of the Receiver's counsel of record in the case;

d. A summary of the claims asserted and the relief requested, including the amount of damages or other recovery sought; indicate the general stage and status of the case (e.g., "pleadings and discovery closed, summary judgment motions pending, trial set for September 2013 docket"); and, if the lawsuit has been concluded, provide a summary of its disposition (e.g., settled for payment to Receiver of $50,000.00; judgment for Receiver for $100,000.00, etc.) and status of the Receiver's collection of any settlement or judgment amount.

**Response**: The Receiver objects to this interrogatory as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence pertaining to the claims and defenses of the parties in this lawsuit, but rather is designed to harass the Receiver by burdening the Receivership and its counsel. The Receiver also objects to this interrogatory as being vague and ambiguous because it is unlimited as to time, or to any particular case(s). The Receiver further objects to this interrogatory because it seeks information that is within the public record and which is just as searchable, identifiable, and locatable by the propounding party as it is for the Receiver to whom it is directed. Subject to and without waiving any of his General and Specific Objections, the Receiver responds that the publically available docket and court record for each lawsuit initiated by the Receiver in his capacity as Receiver for the Hedge Funds identifies the case title, case number, case status, court, claims asserted, relief requested and damages and/or other recovery sought, as well as the name, address and telephone number for counsel of record for each of the defendants. The publicly available docket and court record for each lawsuit also identifies the disposition of the case, including, to the extent that the case has been resolved, any applicable judgments, notices of settlement and/or settlement agreements. An aggregate of the Receiver's collection efforts in connection with all settlements or judgments in including within the Fund Accounting section and third party litigation income line item of the Receiver's interim reports, which are submitted to the Court and publicly available through court records and via the Receivership website, located at www.nadelreceivership.com. The Receiver further responds that his primary counsel of record in the lawsuits initiated in his capacity as Receiver for the Hedge Funds include: Wiand Guerra King P.L., 5505 West Gray Street, Tampa, Florida 33609, (813) 347-5100; Johnson, Pope, Bokor, Ruppel & Burns, LLP, 403 E Madison Street, Tampa, Florida 33602,

(813) 225-2500; and James, Hoyer, Newcomer, & Smiljanich, P.A., 4830 W. Kennedy Boulevard, Suite 550, Tampa, Florida 33609, (813) 397-2300.

The Receiver's objections are not well-founded and the Receiver should be required to respond fully to this interrogatory.  The information requested is directly relevant to the claims at issue in this case.  Among other things, the Receiver takes the position in this case that the damages recoverable on the negligence claim he asserts on behalf of plaintiff hedge funds Scoop Real Estate LP and Victory Fund, Ltd. include the entirety of all general losses the Receiver attributes to the alleged Ponzi scheme at issue in this case, a total of more than $152 Million comprised of management fees and "false profits" paid out by all of the plaintiff hedge funds (including those whose negligence claims have been dismissed with prejudice) to their managers and investors, plus interest and bank fees paid to Wachovia over a ten-year period.  Although Wachovia contends that general "Ponzi" damages are not recoverable on the negligence claims, Wachovia needs the information requested to ascertain the extent to which the Receiver already has recovered at least some measure of the damages he seeks to recover in this case.  Wachovia also needs this information to ensure that it names all potential *Fabre* defendants with respect to the negligence claim, and can prove those parties' liability.  In addition, the request is not overbroad because it is limited to lawsuits the Receiver initiated in his capacity as Receiver for the Hedge Funds.  Finally, the Receiver's objection that the information is available from another source is improper. *See Pepperwood of Naples Condo. Ass'n*, 2011 WL 3841557, at *4.  Accordingly, the Court should compel the Receiver to fully respond to this interrogatory.

2.  Interrogatory No. 2

The Declaration of Burton W. Wiand filed in the case styled *Securities and Exchange Comm'n v. Nadel, et al.*, Case No. 8:09-cv-00087-RAL-TBM pending in the United States District Court for the Middle District of Florida (the "Receivership Case") on March 14, 2012, Docket 787, states that there was an investigation into an investment in Scoop Real Estate, L.P. and Viking Fund, LLC in a brokerage account held in a nominal and custodial capacity by Wachovia Securities International, Ltd. and that, in mid-2011, it became apparent that Wells Fargo or Wachovia "had become a holder of an interest in that investment account as a result of a transaction it entered into with another holder of an interest in that same investment account."  (See Wiand Declaration ¶¶12 and 24.)

Please identify who conducted the referenced investigation, and state with particularity all facts the Receiver contends support these statements, identifying for each such fact each individual believed by the Receiver to have knowledge of the fact, and all documents reflecting, relating to or bearing upon such facts.

**Response**: The Receiver objects to this interrogatory to the extent that the subject matter of the "investigation" involves communications that are subject to the attorney-client privilege and the work product doctrine.  The Receiver also objects to this interrogatory as unduly burdensome, vague and ambiguous, and to the extent that it purports to seek information already and/or uniquely within the possession of Defendant and/or its counsel. The Receiver further objects to the extent that this interrogatory is an overbroad and oppressive contention interrogatory that purports to require a detailed narrative of the Receiver's case.  *See e.g.* Middle District Discovery (2001) at § IV(A)(8).  Subject to and without waiving any of his General and Specific Objections, the Receiver responds that his primary counsel of record conducted the referenced investigation, in the course of their representation of the Receiver and the Receivership entities and that, in connection with this investigation, documents pertaining to this investment, as maintained within the Scoop Real Estate, L.P. and Viking Fund, LLC investor files, were reviewed.

The Receiver's refusal to produce the information because it may be in Wachovia's possession is improper. *Gomez*, 2012 WL 3111897, at *4.  In addition, contention interrogatories are permissible.  The interrogatory is not overbroad, vague or ambiguous.  It seeks only an explanation of a very specific fact allegation that the Receiver first made in support of his assertion of these claims against Wachovia in this case, and later incorporated

7

into his pleadings in this case.   Accordingly, the Receiver should be compelled to fully answer the interrogatory and provide a log of privileged material withheld from his response. *See* Fed. R. Civ. P. 26(b)(5); *Vanhorn,* 2008 WL 4539463, *1.

### 3.   Interrogatory No. 4

Please identify each individual who participated in gathering the factual information upon which the Receiver relies for his claims in this case, including specifically but without limitation each individual who participated in gathering the information upon which the Receiver bases factual allegations in his Original Complaint, Amended Complaint and Second Amended Complaint, and provide a summary of the information that each such person has gathered, and identify the source of the information and any documents relating to or reflecting that information.

**Response**: The Receiver objects to this interrogatory as overbroad, unduly burdensome and vague because it fails to identify any specific claims(s) and seeks the identity of "each Individual" who participated in gathering the factual information upon which the Receiver relies for his claims in this case.   The Receiver also objects to this Interrogatory to the extent that it is not reasonably calculated to lead to the discovery of relevant or admissible evidence pertaining to the claims and defenses of the parties in this lawsuit, but rather is designed to harass the Receiver by burdening the Receivership and its counsel.   The Receiver further objects to this interrogatory to the extent it purports to require the disclosure of attorney work product protected from discovery, including the mental impressions of the Receiver's counsel, and to the extent that it purports to require the disclosure of attorney-client privileged communications regarding information that the Receiver and his counsel may have gathered.   The Receiver further objects to this interrogatory as not reasonably calculated to lead to the discovery of admissible evidence pertaining to the claims or defenses in this case to the extent that it purports to inquire as to language in the Original and Amended Complaints, which were dismissed and are no longer operative. Subject to and without waiving any of his General and Specific Objections, the Receiver responds that he and his primary counsel of record at Wiand Guerra King P.L., Johnson, Pope, Bokor, Ruppel & Burns, LLP, James, Hoyer, Newcomer & Smiljanich, P.A.; employees and counsel for the Securities and Exchange Commission; and employees and counsel for the United States Department of Justice participated in gathering the factual information upon which his claims are based and that any experts he has retained or will retain, and their associated opinions will be disclosed to Defendant in the manner required by the case management order (Doc. 24).   The Receiver expressly reserves the right to amend and supplement this response as discovery continues.

Wachovia is permitted to discover information supporting the Receiver's allegations in the Amended Complaint because the Receiver made the information relevant when he made the allegations. *Tallman*, 2012 WL 1108641, at *1-*2.   Accordingly, this Court should compel the Receiver to fully respond to the interrogatory and provide a summary of the information that each such person has gathered, and identify the source of the information and any documents relating to or reflecting that information.   The Receiver may produce a log for any material protected by a privilege.

4.   Interrogatory No. 8

Identify the total amount of damages that the Receiver is seeking for each claim asserted in the Second Amended Complaint, and describe how each amount was calculated, including any deductions, credits or offsets applied thereto.

**Response**: The Receiver objects to this interrogatory as vague and ambiguous in its use of the undefined terms "deductions, credits or offsets[.]"   The Receiver further objects to this request as premature, given that discovery is not yet complete.   Subject to and without waiving any of his General and Specific Objections, the Receiver responds that any experts he has retained or will retain, and their associated opinions on "the resulting loss or damage" will be disclosed to Defendant in the manner required by the case management order (Doc. 24).   The Receiver expressly reserves the right to amend and supplement this response as discovery continues.

It is improper to object on the basis that a request is premature or discovery is ongoing. *Zuniga v. Bernalillo Cnty.*, CIV. 11-877 RHS-ACT, 2013 WL 3328692, *7 (D.N.M. Mar. 21, 2013) ("Parties must answer interrogatories with whatever information they have.") (citation omitted); *Titre v. S.W. Bach & Co.*, CIV05-80077MARR, 2005 WL 1692508, *3 (S.D. Fla. July 20, 2005).   This is particularly true considering that the information sought in this interrogatory is information that should have been included in the

Receiver's initial disclosures in this case.  The Court should compel the Receiver to answer this interrogatory.

5.  <u>Interrogatory No. 10</u>

Identify each transaction the Receiver contends was unauthorized or otherwise improper, explain the basis for the Receiver's contention that the transaction was unauthorized or otherwise improper, and state with particularity the loss or damage suffered due to the allegedly unauthorized or otherwise improper transaction, identifying with particularity the entity that suffered the resulting loss or damage, and the amount of the resulting loss or damage.

**Response**: The Receiver objects to this interrogatory as overbroad, unduly burdensome, vague, and ambiguous, and to the extent that it purports to seek information already and/or uniquely within the possession of Defendant and/or its counsel.  The Receiver also objects to the extent that this interrogatory is an overbroad and oppressive contention interrogatory that purports to require a detailed narrative of the Receiver's allegations and case.  *See e.g.* Middle District Discovery (2001) at § IV(A)(8).  The Receiver further objects to this request as premature, given that discovery is not yet complete.  Subject to and without waiving any of his General and Specific Objections, the Receiver responds that the monthly account statements for the accounts held or controlled by Arthur Nadel at SouthTrust, Wachovia and Wells Fargo and any documents memorializing the loans issued to and principal payments and fees collected from Arthur Nadel, the Hedge Funds and/or other Nadel-related entities memorialize the transactions that the Receiver contends were unauthorized or otherwise improper.  The Receiver further responds that any experts he has retained or will retain, and their associated opinions on "the resulting loss or damage" and the amount of same will be disclosed to Defendant in the manner required by the case management order (Doc. 24).  The Receiver expressly reserves the right to amend and supplement this response as discovery continues.

Contention interrogatories seeking the factual basis supporting a party's claims are permitted.  *See Vanhorn,* 2008 WL 4539463, *1 (overruling defendant's overbroad and premature objections to contention interrogatories).  Moreover, it is not a valid basis to withhold production because the information may be in Wachovia's possession. *Gomez,* 2012 WL 3111897, at *4.  Finally, it is improper to object on the basis that a request is

premature or discovery is ongoing. *Zuniga v. Bernalillo Cnty.*, CIV. 11-877 RHS-ACT, 2013 WL 3328692, *7 (D.N.M. Mar. 21, 2013) ("Parties must answer interrogatories with whatever information they have.") (citation omitted); *Titre v. S.W. Bach & Co.*, CIV05-80077MARR, 2005 WL 1692508, *3 (S.D. Fla. July 20, 2005).  Importantly, the discovery deadline in this case is October 11, 2013.  Therefore, this Court should compel the Receiver to specifically identify the transactions alleged as unauthorized or improper and provide the other information requested.

6. <u>Interrogatory No. 13</u>

Please identify each fee the Receiver contends was paid to Wachovia and resulted in unjust enrichment, providing, in addition to identifying information described in the foregoing definitions (Section I ¶ 3), the date the fee was paid, the person or entity who paid the fee, the amount of the fee, and the basis for the Receiver's contention that it is unjust for Wachovia to retain the fee.

**Response**: The Receiver objects to this interrogatory to the extent that it purports to seek information already and/or uniquely within the possession of Defendant and/or its counsel. The Receiver also objects to the extent that this interrogatory is an overbroad and oppressive contention interrogatory that purports to require a detailed narrative of the Receiver's allegations and case. *See e.g.* Middle District Discovery (2001) at § IV(A)(8). Subject to and without waiving any of his General and Specific Objections, the Receiver responds that the monthly account statements for the accounts held or controlled by Arthur Nadel at SouthTrust, Wachovia and Wells Fargo, any documents memorializing the fees collected in connection with loans issued to Arthur Nadel, the Hedge Funds and/or other Nadel-related entities, and any documents memorializing any other fees collected from Arthur Nadel, the Hedge Funds and/or other Nadel-related entities identify the fees that the Receiver contends were paid to Wachovia and resulted in unjust enrichment.  The Receiver further responds that any experts he has retained or will retain, and their associated opinions on the fees paid to Wachovia will be disclosed to Defendant in the manner required by the case management order (Doc. 24).  The Receiver expressly reserves the right to amend and supplement this response as discovery continues.

Contention interrogatories seeking the factual basis supporting a party's claims are permitted. *See Vanhorn,* 2008 WL 4539463, *1 (overruling defendant's overbroad and premature objections to contention interrogatories).   Moreover, it is not a valid basis to withhold production because the information may be in Wachovia's possession. *Gomez*, 2012 WL 3111897, at *4.   Finally, it is improper to object on the basis that a request is premature or discovery is ongoing. *Zuniga v. Bernalillo Cnty.*, CIV. 11-877 RHS-ACT, 2013 WL 3328692, *7 (D.N.M. Mar. 21, 2013) ("Parties must answer interrogatories with whatever information they have.") (citation omitted); *Titre v. S.W. Bach & Co.*, CIV05-80077MARR, 2005 WL 1692508, *3 (S.D. Fla. July 20, 2005).   Importantly, the discovery deadline in this case is October 11, 2013.   Therefore, this Court should compel the Receiver to specifically identify the fees that serve the basis of the Receiver's unjust enrichment claim and provide the other information requested.

For the reasons set forth herein, Wachovia respectfully requests this Court to compel the Receiver to answer Wachovia's First Set of Interrogatories as set forth herein, and grant such other and further relief as this Court deems just and proper, including an award of fees and costs incurred in bringing this motion to the extent such an award is available under the circumstances.

## LOCAL RULE 3.01(G) CERTIFICATE

The undersigned certifies that she conferred with counsel for the Receiver in a good faith in an effort to reach agreement on a resolution of the matters at issue in this discovery dispute, but the parties were unable to agree.

_____/s Beth A. Cronin_____
Marvin Barkin, FBN 3564
Dale W. Cravey, FBN 856428
Charles M. Harris, FBN 967459
Beth A. Cronin, FBN 0054933
TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
200 Central Ave., Suite 1600
St. Petersburg, FL 33701
Phone 727.896.7171/Fax 727.822.8048
mbarkin@trenam.com; dcravey@trenam.com;
charris@trenam.com; bcronin@trenam.com
Attorneys for defendants
Wells Fargo Bank, N.A. and
Timothy Ryan Best

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing, together with a notice of electronic filing of same, has been furnished via the Court's CM/ECF system to Terry A. Smiljanich, Esq. and Sean P. Keefe, Esq., James Hoyer Newcomer & Smiljanich, P.A., One Urban Centre, Suite 550, 4830 W. Kennedy Blvd., Tampa FL 33609 this 11th day of October, 2013.

s/ Beth A. Cronin_____
Attorney