**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BURTON W. WIAND, ESQ.,**
**as Court-Appointed Receiver for**
**Scoop Real Estate, L.P., et al.**

      **Plaintiff,**

**v.**                                     **Case No: 8:12-CV-557-T-27EAJ**

**WELLS FARGO BANK, N.A., et al.,**

      **Defendants.**
_____/

**ORDER**

Before the Court are **Defendants' Motion To Compel Production of Documents Responsive To Defendants' First Request For Production** (Dkt. 104), **Receiver's Memorandum of Law in Opposition** (Dkt. 113), **Defendants' Motion To Compel Production of Documents Responsive To Defendants' Second Request For Production** (Dkt. 105), **Receiver's Memorandum of Law in Opposition** (Dkt. 115), **Defendant Wells Fargo Bank, N.A.'s Motion To Compel Answers To First Set of Interrogatories To Plaintiff** (Dkt. 106), and **Receiver's Memorandum of Law In Opposition** (Dkt. 118). The first motion to compel documents is denied in part and denied as moot in part. The second motion to compel documents is denied, and the motion to compel interrogatory answers is granted in part and denied in part.

Plaintiff Receiver Burton W. Wiand ("Receiver") is the court-appointed Receiver for six hedge funds that lost millions of dollars during a decade-long Ponzi scheme orchestrated by Arthur Nadel ("Nadel"). Receiver brings claims for negligence, fraudulent transfer, and unjust enrichment against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), as successor-in-interest to Wachovia Bank, N.A., where Nadel maintained accounts to facilitate the Ponzi scheme. In its three motions

to compel, Wells Fargo seeks responses to eighty-four document requests and six interrogatories.

## Discussion

A party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1).  Relevant discovery is defined broadly as any information that "appears reasonably calculated to lead to the discovery of admissible evidence." Id.  However, a court must limit the scope of discovery if the information sought is unreasonably cumulative or duplicative or if the burden of the proposed discovery outweighs the likely benefits. Fed. R. Civ. P. 26(b)(2)(C).  When a party fails to respond or objects to a discovery request, the serving party may request an order compelling disclosure after making a good faith effort to resolve the contested issue.  Fed. R. Civ. P. 37(a).

## I. Motion to compel responses to Defendants' first request for production

Wells Fargo claims that Receiver made improper objections and failed to produce documents for eighty-one (81) requests for production.  In particular, Wells Fargo challenges Receiver's contention that he need not provide documents that are either available from public sources or potentially within Wells Fargo's possession.

Receiver responds that he produced more than 500,000 pages of documents before Wells Fargo filed the motions to compel and that several of the disputed requests are too broad and encompass information that is not relevant to this litigation.  Even if relevant, Receiver argues that the requests are so onerous that the burden of producing documents outweighs any likely benefit. For the majority of the disputed requests, however, Receiver states that he has withdrawn his objections and produced "all documents responsive to these requests, to the extent they exist." (Dkt. 113 at 10-11)

In Request 1, Wells Fargo seeks: "Copies of all affidavits, declarations, or other sworn written statements of, and all transcripts of oral testimony given by, the Receiver in each lawsuit described in Interrogatory 1[1] of Wells Fargo's First Set of Interrogatories, served contemporaneously herewith."  (Dkt. 104 at 4)

In opposing the request, Receiver explains that he has filed more than 150 lawsuits related to the Ponzi scheme in an effort to recover false profits, certain charitable contributions made with proceeds from the scheme, real property in seven states, and numerous other items, such as vehicles.[2] Contrary to Wells Fargo's assertion that Receiver has ready access to the information, Receiver contends that he would have to search public records to retrieve the numerous affidavits and declarations filed in connection with the lawsuits.  Receiver submits that this would impose an immense burden that is unjustified, given that many of the documents have no relevance to the instant litigation. (Dkt. 114 at 3)  He maintains that Wells Fargo could obtain the information on its own through a public records search.

A party may not avoid discovery merely because the requested information can be obtained from another source.  However, Request 1 is patently overbroad for seeking "all affidavits, declarations, or other sworn statements" made by Receiver, as well as "all transcripts of oral testimony" given by Receiver.  Wells Fargo has not demonstrated why every affidavit that Receiver has filed and every transcript of his oral testimony is relevant to the present litigation.  Given its

---

[1] Interrogatory 1, which is addressed more fully below, asks Receiver to provide the name of every case he has filed, identifying information for each defendant, the name(s) of counsel of record, and a summary of the claims asserted and the relief requested in each case.  (Dkt. 113 at 6)

[2] Receiver has filed a Declaration with the responses to two of the motions to compel. (Dkts. 114, 116)

inappropriate scope, Wells Fargo's motion to compel is denied as to Request 1.

In Request 2,[3] Wells Fargo asks Receiver to produce documents related to specific statements that Receiver made in a declaration filed in a separate but related case. Contending that the information is relevant to the claims and defenses in this case, Wells Fargo argues that Receiver's initial objections, including an assertion that Wells Fargo already may be in possession of responsive documents, are improper. In response, Receiver states that he has provided all documents responsive to this request and identifies them by Bates numbers.[4] As Receiver asserts that he has fully responded to this request, the motion to compel as to Request 2 is denied as moot.

In Request 3, Wells Fargo seeks:

> All documents produced by any individual or entity in response to any subpoena or discovery request issued by or at the request of the Securities and Exchange Commission (hereinafter the "SEC") in the Receivership Case, along with a copy of each such subpoena and any written response(s) or correspondence pertaining thereto.

(Dkt. 104 at 6)

Wells Fargo explains that the sought-after documents are relevant because they may reveal

---

[3] Request 2 seeks:

> All documents relating or referring to the matters described in paragraphs 12 and 24 of the Declaration of Burton W. Wiand filed in the case styled Securities and Exchange Comm'n v. Nadel, et al., Case No. 8:09-cv-00087-RAL-TBM pending in the United States District Court for the Middle District of Florida (the "Receivership Case") on March 14, 2012, Docket No. 787, including specifically all documents that relate to or refer to any facts that the Receiver contends support the statements in those paragraphs of the Receiver's declaration.

(Dkt. 104 at 5)

[4] The documents are identified as Bates numbers WIAND0175621 to WIAND0175780. (Dkt. 113 at 7)

the identities of potential <u>Fabre</u>[5] defendants and whether there were  innocent persons involved in the management of certain hedge funds.  Additionally, the bank claims the documents relate to Receiver's assertion that Wells Fargo was unjustly enriched by the Ponzi scheme.  To the extent that any of these documents are covered by the attorney-client privilege, Wells Fargo asks the Court to order Receiver to produce a privilege log.  Receiver counters that he is not in possession of any subpoena issued by the SEC and that the request is vague and overbroad for failing to identify any particular individual to whom a subpoena was directed and the documents sought.

As this request seeks subpoenas issued by a third party and documents produced as a result, it is patently overbroad and asks for information not within the Receiver's possession, custody, or control.  <u>See</u> Fed. R. Civ. P. 34(a)(1).  The motion to compel is denied as to Request 3.

Wells Fargo asks in Request 5 for all documents produced "by any individual or entity" in another case involving Nadel in the Southern District of New York.[6]  (Dkt. 104 at 7)  Wells Fargo maintains that the information is also relevant to this litigation; Receiver responds that he is not in possession or control of any documents maintained by the U.S. Attorney's Office for the Southern District of New York.  As Receiver states that he does not have any documents responsive to this request and it seeks information not within the possession, custody, or control of Receiver, the

---

[5]  "<u>Fabre</u> defendants are non-parties which are alleged by a party defendant to be wholly or partially negligent and should be placed on the verdict form so there can be an apportionment of fault against them for non-economic damages[.]"  <u>Vucinich v. Ross</u>, 893 So. 2d 690, 694 (Fla. 5th DCA  2005) (citation and internal quotation marks omitted).  <u>See also</u> <u>Fabre v. Marin</u>, 623 So. 2d 1182, 1186 (Fla.1993) (holding that fault must be apportioned among all parties that contributed to the alleged negligence, even if they are not named as defendants).

[6] Request 5 seeks: "[a]ll documents produced by any individual or entity in connection with the case styled <u>United States of America v. Nadel</u>, Case No. 1:09mj169, in the United States District Court for the Southern District of New York."  (Dkt. 104 at 7)

motion to compel as to Request 5 is denied.

Wells Fargo also seeks information from another lawsuit in Request 6:

All documents produced by or to the Receiver in connection with the lawsuit styled Burton W. Wiand v. Holland & Knight LLP, known by Case No. 2009-CA-014887-NC while it was pending in the Circuit Court for the Twentieth Judicial Circuit in and for Sarasota County, Florida and by Case No. 8:09-cv-1992 while it was pending in the United States District Court for the Middle District of Florida (hereinafter, the "Holland & Knight Litigation"), including but not limited to documents produced by non-parties to the Holland & Knight Litigation.

(Dkt. 104 at 7)

Wells Fargo asserts the documents are relevant because they could reveal: whether there were innocent persons involved in the management of certain hedge funds; the identities of potential Fabre defendants; and information pertinent to Receiver's claim that the Wells Fargo was unjustly enriched. Insofar as Receiver objected due to a confidentiality agreement in the other case, Wells Fargo argues that such an agreement should not block production of relevant documents in this case. Moreover, Wells Fargo notes that the parties here are bound by their own confidentiality agreement. Receiver counters that the request seeks irrelevant information because it is overbroad and unlimited as to time or subject matter. Receiver also claims the request would require production of documents that are subject to a confidentiality agreement governing discovery in the Holland & Knight Litigation.

Without regard to the parties' positions on the confidentiality agreement, Wells Fargo's request is overbroad on its face for failing to specify any subject matter of the sought-after documents. By asking for "all documents produced by or to the Receiver" in the other litigation, the scope of the request is far too expansive. The motion to compel is denied as to Request 6.

In Request 12, Wells Fargo asks Receiver to provide "[a]ll transcripts of any interview or

6

deposition of any Wachovia employee or former employee or any sworn statement provided by any Wachovia employee or former employee in connection with Nadel, the Moodys, the Hedge Funds or the Management Companies." (Dkt. 104 at 9)   Wells Fargo states that Receiver inappropriately objected that Wells Fargo may already possess responsive documents and that any such transcripts are available from other sources.  In response, Receiver answers that "[t]here are no documents responsive to this request other than the depositions that have been taken in this litigation." (Dkt. 113 at 10)

Presumably, the depositions taken in the litigation are available to both parties.  As those are the only documents Receiver has which are responsive to the request, the motion to compel is denied as to Request 12.

Wells Fargo also seeks to compel production as to Request 29:

All documents that refer to or relate to the assertion in paragraph 11 of the Amended Complaint that Wachovia "has a history of assisting and profiting from the commission of fraud by account holders," including but not limited to the name(s) of the account holders, how such fraud was perpetrated, and when and how Wachovia assisted and profited from such fraud.

(Dkt. 104 at 20)

This request refers to the First Amended Complaint (Dkt. 42), which has been superceded by the Second Amended Complaint (Dkt. 63).  Although Wells Fargo argues that allegations made in a pleading remain subject to discovery even if they are withdrawn, Receiver counters that the request seeks irrelevant information because the assertion in paragraph 11 of the First Amended Complaint was not incorporated in the Second Amended Complaint.  Notwithstanding his objection, Receiver states that he produced responsive documents before Wells Fargo filed its motion to

7

compel.[7]

The legal authority cited by Wells Fargo is neither binding nor factually analogous to the present case.[8]  Given that this request seeks irrelevant information, the motion to compel is denied as to any remaining documents for Request 29.  See Fed. R. Civ. P. 26(b).

Wells Fargo's motion also enumerates seventy-five requests for production to which Receiver initially objected based on relevance and because Wells Fargo may already possess documents responsive to the requests.  However, in his response to Wells Fargo's motion to compel, Receiver states that he has withdrawn his objections and produced all responsive documents.  (Dkt. 113 at 10-11)

Given the foregoing, the motion to compel is denied as moot for Requests 15-20, 23-27, 30-71, 73-77, 79-93, and 97.

## II. Motion to compel responses to Defendants' second request for production

Three requests are at issue.  In Request 1, Wells Fargo seeks "[c]opies of all affidavits, declarations, or any other sworn written statements of any person that in any way relate to or refer to the claims or defenses in this lawsuit."  (Dkt. 105 at 3)   Wells Fargo asks in Request 2 for "[c]opies of all affidavits, declarations, or any other sworn written statements given by, or on behalf of, the Receiver in any lawsuit, claim, arbitration, or any other proceeding (brought by or against

---

[7] Receiver identifies the documents as Bates numbers WIAND0234524 to WIAND0234545. (Dkt. 113 at 11)

[8] In the case cited by Wells Fargo, the court granted the defendant's motion to compel answers to interrogatories related to withdrawn allegations because the information was relevant to the potential issue of bad faith filing.  Tallman v. Freedman Anselmo Lindberg LLC, No. 11–cv–3201, 2012 WL 1108641, at *2 (C.D. Ill. Apr. 2, 2012).

the Receiver)." (<u>Id.</u> at 4)   In Request 3, Wells Fargo seeks "[c]opies of transcripts of any oral testimony given by, or on behalf of, the Receiver in any lawsuit, claim, arbitration, or any other proceeding (brought by or against the Receiver)." (<u>Id.</u> at 5)

Wells Fargo states that Request 1 is relevant as it relates to the claims or defenses in this lawsuit. Wells Fargo explains that the information in Request 2 is relevant to matters underlying Receiver's allegations and Request 3 appropriately seeks admissions of Receiver. Moreover, Wells Fargo contends that Receiver cannot object on the basis that the information may already be in the bank's possession or available from another source.

In raising objections, Receiver states the requests are overbroad, burdensome, and intended to harass. As he has filed more than 150 lawsuits related to the Nadel-run Ponzi scheme, Receiver claims he would be forced to spend many hours searching public records for documents responsive to Requests 2 and 3. Additionally, Receiver explains that many documents sought in Request 3 are subject to confidentiality agreements in other lawsuits; yet he also offers to provide Wells Fargo with the names and contact information of court reporters who have transcribed any oral testimony responsive to this request so the bank can obtain transcripts through its own efforts (and expense).

A party may not refuse to comply with a discovery request solely because the information may be available from other sources, including publicly accessible documents. However, the three disputed requests in this motion are overbroad. Although Request 1 is based on the claims and defenses in this lawsuit, it exceeds the bounds of permissible discovery by seeking all affidavits, declarations, and sworn written statements of "any person that in any way relate" to this case, especially in light of the other lawsuits filed by Receiver. It is unreasonable to ask Receiver to search for such documents under the circumstances presented here. The motion to compel is denied

as to Request 1.

Requests 2 and 3 ask for the same information that was sought in Request 1 of Wells Fargo's first request for production. (See Dkt. 104 at 4) As this request was denied as overbroad, Wells Fargo's motion to compel is denied as well for Requests 2 and 3.

### III. Motion to compel answers to Wells Fargo's first set of interrogatories

Wells Fargo asks the Court to compel answers to six interrogatories.

Interrogatory 1 states:

For each lawsuit the Receiver has initiated in his capacity as Receiver for the Hedge Funds, please provide:
    a.    The case title, case number, and court;
    b.    The name, address and telephone number for each defendant joined as a party, and the name, address and telephone number for counsel of record for each such defendant;
    c.    The name, address and telephone number of the Receiver's counsel of record in the case;
    d.    A summary of the claims asserted and the relief requested, including the amount of damages or other recovery sought; indicate the general stage and status of the case (e.g., "pleadings and discovery closed, summary judgment motions pending, trial set for September 2013 docket"); and, if the lawsuit has been concluded, provide a summary of its disposition (e.g., settled for payment to Receiver of $50,000.00; judgment for Receiver for $100,000.00, etc.) and status of the Receiver's collection of any settlement or judgment amount.

(Dkt. 106 at 4-5)

Wells Fargo asserts that this information is relevant to damages because Receiver is seeking recovery of all general losses attributable to the Ponzi scheme in this case and Wells Fargo wishes to ascertain to what extent Receiver has already recovered damages. Wells Fargo also wants to identify potential Fabre defendants and contends Receiver's objection that the information is available from other sources is invalid. In response, Receiver states that he answered this

interrogatory by providing contact information for his primary counsel of record.  Otherwise, Receiver objects that the interrogatory is overbroad, unduly burdensome, and intended to harass. Insofar as the requested information seeks damages information, Receiver explains that   an aggregate of his collection efforts is included in the publicly available interim reports that he submits to the Court.

Although Wells Fargo alleges the relevancy of some of the requested information, the interrogatory as written is overbroad and unduly burdensome in light of the number of lawsuits filed by Receiver, as discussed earlier.[9]  The fact that the information is available through public records is not, in itself, an appropriate objection.  Yet the Court has an obligation to curtail discovery when its burdens outweigh the potential benefits.  In this situation, the interrogatory imposes too great a burden on Receiver.  For these reasons, the motion to compel an answer to Interrogatory 1 is denied.

Interrogatory 2 pertains to a declaration Receiver filed in a related case, in which Receiver referred to an investigation into a particular investment account.  Wells Fargo asks Receiver to "identify who conducted the referenced investigation, and state with particularity all facts the Receiver contends support these statements, identifying for each such fact each individual believed by the Receiver to have knowledge of the fact, and all documents reflecting, relating to or bearing upon such facts." (Dkt. 106 at 7)   Wells Fargo asserts that the interrogatory seeks information relevant to a specific fact allegation that Receiver has made in support of his claims.  Receiver contends that he responded to this interrogatory by identifying the investigators and producing documents bearing on the facts of his allegation.

Although Receiver states that he fully answered this interrogatory, his response indicates that

---

[9] See page 3, supra.

he explained who conducted the investigation and provided supporting documents at some point.[10]

However, Receiver's response does not identify the documents relating to Interrogatory 2, nor does

it state "with particularity all facts the Receiver contends support these statements, identifying for

each such fact each individual believed by the Receiver to have knowledge of the fact[.]" (Dkt. 106

at 7)  Therefore, the motion to compel is granted as to Interrogatory 2 to the extent this interrogatory

has not already been answered**.**

Interrogatory 4 asks:

Please identify each individual who participated in gathering the factual information
upon which the Receiver relies for his claims in this case, including specifically but
without limitation each individual who participated in gathering the information
upon which the Receiver bases factual allegations in his Original Complaint,
Amended Complaint and Second Amended Complaint, and provide a summary of
the information that each such person has gathered, and identify the source of the
information and any documents relating to or reflecting that information.

(Dkt. 106 at 8)

Insofar as this interrogatory refers to the original and first amended complaints, Wells Fargo

reiterates its position that discovery into those allegations is still permitted even though a Second

Amended Complaint has been filed.  In response, Receiver states that he partially answered this

interrogatory by identifying those who participated in gathering the factual information upon which

his claims are based.  Receiver otherwise objects to the interrogatory as seeking irrelevant

information.  Moreover, Receiver contends that the summaries requested are unduly burdensome.

As stated previously, there is no merit to Wells Fargo's contention that allegations in former

---

[10] Under certain circumstances, business records may be provided in lieu of answering an
interrogatory. See Fed. R. Civ. P. 33(d).  It is unclear whether Receiver is claiming that he answered
Interrogatory 2 in this manner and whether that provision even applies here.  In any case, Receiver
identified the documents by specific Bates numbers in his response to the motion to compel, and he
shall incorporate the information in his amended answer to Interrogatory 2.

pleadings are subject to discovery under the circumstances presented here. Receiver appropriately answered this interrogatory to the extent it is not overbroad by identifying those who investigated the factual allegations in his Second Amended Complaint. As to the summarizing information sought, "[i]nterrogatories designed to force an exhaustive or oppressive catalogue of information are generally improper." Middle District Discovery (2001) at 17. The motion to compel an answer to Interrogatory 4 is therefore denied.

In Interrogatory 8, Wells Fargo asks Receiver to "[i]dentify the total amount of damages that the Receiver is seeking for each claim asserted in the Second Amended Complaint, and describe how each amount was calculated, including any deductions, credits or offsets applied thereto." (Dkt. 106 at 9) Wells Fargo states that Receiver improperly objected based on ongoing discovery and contends that this information should have been disclosed in Receiver's initial disclosures. Receiver counters that he appropriately objected that the terms "deductions, credits or offsets" are ambiguous. Moreover, Receiver states that on August 29, 2013, he provided Wells Fargo with the expert report of Maria Yip, which identifies the total amount of damages Receiver is seeking for each claim in the Second Amended Complaint.

As noted previously, Rule 33(d) permits a party to answer an interrogatory with business records under specific circumstances. However, an expert report is not a business record, and Receiver's provision of the expert report of Maria Yip does not answer this interrogatory.[11] See Fed. R. Civ. P. 33(b)(3) (requiring interrogatories, to the extent no objections are raised, to be answered fully in writing under oath). Receiver objected to certain terms in his initial response to the

---

[11] See Harty v. SRA/Palm Trails Plaza, LLC, No. 09–CV–61412, 2010 WL 5136042, at *2 (S.D. Fla. June 4, 2010) (finding plaintiff failed to answer interrogatory by referring to its expert report).

13

interrogatory and states that Wells Fargo has not clarified the terminology.  Although this part of the interrogatory is ambiguous, the remainder seeks the total amount of damages sought for each claim in the Second Amended Complaint and an explanation as to how each amount was calculated. This is relevant information that does not impose an undue burden.  Therefore, the motion to compel is granted as to Interrogatory 8 to the extent described above.

The remaining interrogatories at issue – Interrogatories 10 and 13 – ask Receiver to identify transactions he believes were improper and the fees that resulted in unjust enrichment.  The interrogatories also ask Receiver to provide detailed information about each transaction and each fee.[12]

Wells Fargo explains that it is permitted to seek the factual basis for Receiver's claims; Receiver asserts that he answered the interrogatories by identifying the transactions and fees. Receiver indicates that additional information was provided in the expert report of Maria Yip, which

---

[12] Interrogatory 10 states:

Identify each transaction the Receiver contends was unauthorized or otherwise improper, explain the basis for the Receiver's contention that the transaction was unauthorized or otherwise improper, and state with particularity the loss or damage suffered due to the allegedly unauthorized or otherwise improper transaction, identifying with particularity the entity that suffered the resulting loss or damage, and the amount of the resulting loss or damage.

Interrogatory 13 asks Receiver to:

identify each fee the Receiver contends was paid to Wachovia and resulted in unjust enrichment, providing, in addition to identifying information described in the foregoing definitions (Section I ¶ 3), the date the fee was paid, the person or entity who paid the fee, the amount of the fee, and the basis for the Receiver's contention that it is unjust for Wachovia to retain the fee.

(Dkt. 106 at 10, 11)

specifically addresses each transaction and each fee.

Receiver cannot claim that he answered Interrogatories 10 and 13 with an expert report. Nevertheless, these interrogatories seek an exhaustive compilation of information. Receiver responded to them by identifying the allegedly improper transactions and fees. To require more would be unduly burdensome. The motion to compel answers to Interrogatories 10 and 13 is denied.

Accordingly and upon consideration, it is hereby **ORDERED and ADJUDGED** that:

(1)    Defendants' Motion To Compel Production of Documents Responsive To Defendants' First Request For Production (Dkt. 104) is **DENIED in part** and **DENIED as moot in part**.

(2)    Defendants' Motion To Compel Production of Documents Responsive To Defendants' Second Request For Production (Dkt. 105) is **DENIED**.

(3)    Defendant Wells Fargo Bank, N.A.'s Motion To Compel Answers To First Set of Interrogatories To Plaintiff (Dkt. 106) is **GRANTED in part and DENIED in part**; and Receiver shall answer Interrogatories 2 and 8 within fourteen (14) days of this order.

**DONE AND ORDERED** in Tampa, Florida on this 22nd day of November, 2013.


ELIZABETH A JENKINS
United States Magistrate Judge

15