**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**BURTON W. WIAND, ESQ.,**
as Court-Appointed Receiver for
**Scoop Real Estate, L.P., et al.**

      Plaintiff,

v().                                                                                 Case No: 8:12-CV-557-T-27EAJ

**WELLS FARGO BANK, N.A., et al.,**

      Defendants.
_____/

**ORDER**

Before the Court are **Defendants, Wells Fargo Bank, N.A. and Timothy Ryan Best's Motion To Compel Plaintiff To Answer Deposition Questions, For Additional Time To Complete Deposition of Plaintiff, and For Sanctions, and Incorporated Memorandum of Law and Local Rule 3.01(G) Certificate** (Dkt. 100) and **Receiver's Opposition** (Dkt. 103). For the reasons that follow, the motion is granted in part and denied in part.

Plaintiff Burton W. Wiand, Esq. ("Receiver") is the court-appointed Receiver for six hedge funds that lost millions of dollars in a Ponzi scheme conducted from 1999 to 2009. Receiver is suing Defendant Wells Fargo Bank, N.A. ("Wells Fargo") as successor-in-interest to Wachovia Bank, N.A., where accounts were maintained to facilitate the scheme. Receiver brings claims for negligence, fraudulent transfer, and unjust enrichment. Here, Wells Fargo seeks to compel Receiver to answer certain deposition questions and to permit an additional two hours to complete his deposition. Wells Fargo also asks the Court to award its reasonable expenses, including attorneys' fees, incurred in bringing this motion.

**Legal standard**

During a deposition, a person may instruct a deponent not to answer a question only: (1) when necessary to preserve a privilege, (2) to enforce a limitation ordered by the court, or (3) to protect a witness from an examination being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass, or oppress the deponent. Fed. R. Civ. P. 30(c)(2). "The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice[.]" In re Slaughter, 694 F.2d 1258, 1260 (11th Cir. 1982) (citations omitted). However, "[t]he privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney[.]" Upjohn Co. v. United States, 449 U.S. 383, 395 (1981). The party asserting the privilege has the burden of establishing that it applies. Bogle v. McClure, 332 F.3d 1347, 1358 (11th Cir. 2003) (citation omitted).

## Discussion

During his August 27, 2013 deposition, Receiver invoked the attorney-client privilege and declined to answer certain questions related to his claims for fraudulent transfer and unjust enrichment. Wells Fargo submits that the questions seek the factual basis for these allegations and do not impinge on privileged communications between Receiver and his attorneys. Moreover, Wells Fargo contends that it is entitled to depose Receiver on these topics, even if Receiver has no independent knowledge of the underlying facts and learned them solely through his attorneys. According to Wells Fargo, Receiver is using the attorney-client privilege to "shield facts from discovery simply because those facts were conveyed to him by his attorneys." (Dkt. 100 at 2)[1]

---

[1] Wells Fargo also claims that Receiver's refusal to answer questions conflicts with the "sword and shield" doctrine. That doctrine states that "a party who raises a claim that will necessarily require proof by way of a privileged communication cannot insist that the

In opposing the motion, Receiver emphasizes that although he is an attorney, he is a party in this litigation and is represented by counsel.² Receiver contends that Wells Fargo asked questions that seek legal theories, strategies, and conclusions conveyed to Receiver by his attorneys. He claims that the disputed questions, while appearing to request factual information, require interpretation of legal terms of art. Because his answers would necessarily reveal the legal conclusions of his attorneys, Receiver maintains that he properly refused to answer them.³

Wells Fargo does not challenge Receiver's ability to invoke the attorney-client privilege to protect confidential communications pertaining to legal advice from his attorneys. However, a deponent may not refuse to answer questions seeking factual information merely because the facts were learned through counsel. See, e.g., B.C.F. Oil Refining, Inc. v. Consol. Edison Co. of N.Y., 168 F.R.D. 161, 165 (S.D. N.Y. 1996) (explaining that "the attorney-client privilege simply does not extend to facts known to a party that are central to that party's claims, even if such facts came to be known through communications with counsel" (citation omitted)).

Here, the issue is whether Wells Fargo's inquiries seek the factual basis of Receiver's claims

---

communication is privileged." Allstate Ins. Co. v. Levesque, 263 F.R.D. 663, 667 (M.D. Fla. 2010) (citation omitted) (finding defendants did not waive attorney-client privilege based on the sword and shield doctrine). However, it typically applies when a party's attorney must testify as a result of issues injected into the lawsuit by the party. See id. Here, Receiver is being asked about the factual basis of his claims, which exist independent of his attorneys, although he may have learned the facts through an attorney.

² Receiver refers to an order in a separate case in which the court denied Wells Fargo's motion to disqualify Receiver for allegedly violating ethical rules regulating conflicts of interest. In the April 25, 2012 order, the court stated that Receiver was not acting as an attorney while fulfilling the duties of a receiver. Sec. & Exch. Comm'n v. Nadel, No. 8:09-cv-87-RAL-TBM, slip op. at 14  (M.D. Fla. Apr. 25, 2012).

³ Receiver submitted the entire 277-page deposition transcript as an exhibit to his response (Dkt. 103 Ex. 1), stating that the excerpts attached to Wells Fargo's motion failed to put his responses in context (Dkt. 103 at 2 n.1).

or call for the legal theories, strategies, and conclusions of Receiver's attorneys. Receiver has adequately established that certain questions encroach on privileged communications. For example, asking Receiver to explain why the doctrines of delayed discovery and continuing violations apply[4] calls for legal theories and could result in disclosure of protected communications.[5] However, some questions were factual in nature and should be answered. Specifically, Receiver shall respond to the following seven (7) questions:

(1) Does the receiver know whether its position is that under [the] origination [column], these are assets of the identified company or assets of the debtor? (Dkt. 100 at 11)
(2) If Art Nadel has transferred money from Victory Fund to Scoop Capital, as the transferee, do you believe that Art Nadel controls Scoop Capital (Id. at 12)
(3) Is it your understanding that the destination account is the account into which the wired amounts were sent? (Id. at 13)
(4) Do you believe that those accounts listed under destination account [on Exhibit B] were the recipient of the wired funds? (Id.)
(5) How did Wachovia execute a transfer if it wasn't a transferor bank? (Id. at 15)
(6) Factually what's the period of time in which the receiver believes it can recover for the fraudulent transfer claims? What period of time? (Id. at 16)
(7) Does the receiver believe that all transfers dating back to 2002 are subject to recovery in this action? (Id.)

Given the limited number of questions, Wells Fargo may depose Receiver for no more than one (1) hour on these matters. Wells Fargo's request for its reasonable expenses in bringing the motion is denied. See Fed. R. Civ. P. 37(a)(5)(C).

---

[4] Wells Fargo's counsel asked Receiver: "Why is it that the receiver believes, despite Judge Whittemore's ruling in another receivership case where the receiver is trying to assert a fraudulent transfer claim, that the delayed discovery doctrine and continuing violations doctrine has any application?" (Dkt. 100 at 15)

[5] Any other questions specifically identified by Wells Fargo in its motion, other than the seven identified above, were properly objected to on the basis of attorney-client privilege.

4

Accordingly and upon consideration, it is hereby **ORDERED and ADJUDGED** that:

(1) Defendants, Wells Fargo Bank, N.A. and Timothy Ryan Best's Motion To Compel Plaintiff To Answer Deposition Questions, For Additional Time To Complete Deposition of Plaintiff, and For Sanctions (Dkt. 100) is **GRANTED in part and DENIED in part** as set forth above.

(2) On or before **December 6, 2013**, Wells Fargo shall conduct Receiver's deposition for the limited purpose of asking the questions, identified above, to which Receiver improperly invoked the attorney-client privilege. The deposition shall not exceed one (1) hour.[6]

**DONE and ORDERED** in Tampa, Florida on this 22nd day of November, 2013.

ELIZABETH A JENKINS
United States Magistrate Judge

---

[6] The dispositive motion deadline will be reset by separate order.