# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
### CASE NO. 8:12-cv-00557-JDW-EAJ

BURTON W. WIAND, ESQ., as
Court-Appointed Receiver for
SCOOP REAL ES TATE, L.P.,
VALHALLA INVESTMENT
PARTNERS, L.P., VICTORY IRA
FUND, LTD., VICTORY FUND, LTD.,
VIKING IRA FUND, LLC, and
VIKING FUND, LLC,

       Plaintiff,

v.

WELLS FARGO BANK, N.A., as
successor-in-interest to Wachovia Bank, N.A.
and Timothy Ryan Best,

       Defendants.

_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO RECEIVER'S MOTION TO STRIKE THE REPORT OF DEFENDANTS' DESIGNATED EXPERT, STEVEN OSCHER, AND TO PRECLUDE HIS TESTIMONY AT TRIAL

      Defendants Wells Fargo Bank, N.A., successor-in-interest to Wachovia Bank, N.A.

("Wachovia") and Timothy Ryan Best (together, "Defendants"), through their counsel,

Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., respond in opposition to

Plaintiff Burton Wiand, Esq.'s (the "Receiver") Motion to Strike the Report of Defendants'

Designated Expert, Steven Oscher, and to Preclude his Testimony at Trial (the "Motion")

[Doc. 129].

## I.     INTRODUCTION

The Receiver moves to strike the expert reports of Steven Oscher ("Mr. Oscher") and preclude him from testifying, contending: (1) he is not qualified to opine on banking practices and procedures for money laundering and fraud detection; (2) he improperly opines that monthly statement reconciliations would have revealed the existence of the Wachovia accounts; (3) he reviewed account statements for only the customer hedge funds Scoop Real Estate, L.P. and Victory Fund, Ltd. (the "Customer Accounts") in determining whether there was suspicious activity in the Customer Accounts; and (4) his rebuttal opinion to the Receiver's expert Maria Yip's ("Ms. Yip") conclusions is improper because he only attacks the flaws in Ms. Yip's report.  Because none of these reasons serves as a proper basis to strike Mr. Oscher's expert reports or to preclude him from testifying, the Receiver's Motion should be denied.

## II.    MR. OSHER'S OPINIONS ARE RELIABLE EXPERT OPINIONS

The Receiver's negligence claim is based on Defendants' alleged negligence in failing to adequately monitor transactions in the Customer Accounts that Arthur Nadel ("Nadel") opened and controlled in a manner the Receiver contends should have led Defendants to discover and stop Nadel's scheme.  *See* Pl.'s 2d Am. Compl. Count V (p. 38) [Doc. 42].  Mr. Oscher concluded that there was no indication that Defendants had or should have had actual knowledge of, or any reason to suspect, Nadel's fraudulent activities based on the activity in the Customer Accounts. [Doc. 129-1, pp. 5-6.]

The Receiver moves to strike Mr. Oscher's initial expert report and preclude him from testifying because he did not review and opine on the activity in every financial account

touched by Nadel. [Doc. 129-1, pp. 10-11.] In support of his argument, the Receiver states that, in other matters, Mr. Oscher has asked for and received documentation on the totality of financial and banking activities in order to render opinions about a Ponzi scheme. [Doc. 129, p. 10.] However, Mr. Oscher was not retained to render an opinion about Nadel's Ponzi scheme. [Doc. 129-3, p. 79:13-16.] Rather, Defendants engaged Mr. Oscher to opine on whether the activity in the Customer Accounts provided any indication to give Defendants actual knowledge of, or any reasons to suspect, Nadel's fraudulent activities. [Doc. 129-1, p. 3.] Therefore, Mr. Oscher needed to review only the statements for the Customer Accounts in order to render his opinion.

Mr. Oscher's opinion that the activity in the Customer Accounts provided no indication to give Defendants actual knowledge of, or any reasons to suspect, Nadel's fraudulent activities is based on his experience. Standards of scientific reliability, such as testability and peer review, do not apply to all forms of expert testimony." *American General Life Ins. Co. v. Schoenthal Family LLC,* 555 F.3d 1331, 1338 (11th Cir.2009) (quoting *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 151, 119 S. Ct. 1167, 143 L.Ed.2d 238 (1999)). "A district court may decide that nonscientific expert testimony is reliable based 'upon personal knowledge or experience.'" *Id.* (quoting *Kumho Tire,* 526 U.S. at 150). "For nonscientific expert testimony, 'the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable.'" *Id.* (quoting *Kumho Tire,* 526 U.S. at 152). Mr. Oscher is a Certified Public Accountant and Certified Fraud Examiner who has been engaged to investigate fraudulent conduct on numerous occasions, including by the named Receiver in his capacity as a

receiver in other cases. [Doc. 129-1, p. 4.]  Accordingly, his opinion on whether activity in the Customer Accounts should have raised suspicions is reliable.  Although the Receiver attempts to characterize Mr. Oscher's opinion as one regarding Wachovia's practices and procedures for detecting fraud or money laundering, Mr. Oscher has not offered, and does not propose to offer, such opinions.  The Receiver's argument that Mr. Oscher's opinion is too narrow goes to the weight the trier of fact may give to the opinion, not to its admissibility.

Likewise, Mr. Oscher's opinion that monthly statement reconciliations would have revealed the existence of Nadel's accounts at Wachovia is reliable based on Mr. Oscher's accounting and auditing experience. [Doc. 129-1, pp. 6-7.]  Contrary to the Receiver's assertion, Mr. Oscher did not opine that the Hedge Fund employees must have known of the existence of the accounts at Wachovia. [*See* Doc. 129, p. 9.]  Rather, as an experienced CPA and auditor intimately familiar with the function and benefits of various accounting internal controls, Mr. Oscher opined that, had such reconciliations been performed, the accounts at Wachovia would have been discovered.  The Receiver again attacks an opinion of Mr. Oscher because the Receiver incorrectly believes an expert opinion may be offered only as to an ultimate issue.

## III.    MR. OSCHER'S OPINION PROPERLY REBUTS MS. YIP'S CONCLUSIONS

A rebuttal expert offers an opinion intended solely to contradict or rebut evidence on the same subject matter offered by the opposing party's expert. *See Maryland Cas. Co. v. Earth Inspired Living, LLC*, 6:12-CV-1033-ORL-19, 2013 WL 869394, *2 (M.D. Fla. Mar. 7, 2013).  The "purpose of rebuttal evidence is to explain, repel, counteract, or disprove the

evidence of the adverse party, and the decision to permit rebuttal testimony is one that resides in the sound discretion of the trial judge." *Id.* (quoting *United States v. Frazier,* 387 F.3d 1244, 1269 (11th Cir. 2004) (*en banc* )).

In response to his review of Ms. Yip's expert report, Mr. Oscher opined that: (1) he is unaware of an economic basis to conclude that the Management Fees paid to the Hedge Funds' Managers should be attributable to Wells Fargo; (2) he is unaware of an economic basis to conclude that the False Profits paid to the Hedge Funds Investors should be attributable to Wells Fargo; and (3) he is unaware of how Wachovia was unjustly enriched for receiving interest on funds it loaned. [Doc. 129-2, pp. 5-6.] Mr. Oscher's conclusion that Ms. Yip's opinions are not based on any known economic loss concept is a proper rebuttal opinion because it highlights the unreliability of Ms. Yip's opinions. "A rebuttal expert can testify as to the flaws that [he] believed are inherent in another expert's report. *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 09-61490-CIV, 2011 WL 2295269, *5 (S.D. Fla. June 8, 2011) (citing *KW Plastics v. U .S. Can Co.,* 199 F.R.D. 687, 692 (M.D. Ala. 2000)); *see also Landstar Global Logistics, Inc. v. Haskins*, 3:09-CV-1163-J-32JRK, 2011 WL 3584320, *2 (M.D. Fla. Aug. 15, 2011) (permitting expert to testify as to any flaws he sees in opposing expert's report). Mr. Oscher is able to make this conclusion based on his experience as a Certified Public Accountant and Certified Fraud Examiner who has conducted numerous investigations of fraudulent activities. [Doc. 129-1, p. 4.] Accordingly, Mr. Oscher's rebuttal opinions are proper and admissible.

## IV. CONCLUSION

For all of the foregoing reasons, Mr. Oscher's proposed opinion testimony is proper expert testimony and should not be excluded from evidence. Accordingly, Defendants respectfully request that this Court deny the Receiver's Motion to Strike the Report of Defendants' Designated Expert, Steven Oscher, and to Preclude his Testimony at Trial.

s/ Beth A. Cronin
Marvin Barkin, FBN 3564
Dale W. Cravey, FBN 856428
Charles M. Harris, FBN 967459
Beth A. Cronin, FBN 0054933
TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
200 Central Ave., Suite 1600
St. Petersburg, FL 33701
Phone 727.896.7171/Fax 727.822.8048
mbarkin@trenam.com; dcravey@trenam.com;
charris@trenam.com; bcronin@trenam.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing, together with a notice of electronic filing of same, has been furnished via the Court's CM/ECF system to Terry A. Smiljanich, Esq., Sean P. Keefe, Esq., and Christopher Casper, Esq., James Hoyer Newcomer & Smiljanich, P.A., One Urban Centre, Suite 550, 4830 W. Kennedy Blvd., Tampa FL 33609 this 25th day of November 2013.

s/ Beth A. Cronin
Attorney