## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BURTON W. WIAND, ESQ.,**
**as Court-Appointed Receiver for**
**Scoop Real Estate, L.P., et al.,**

      **Plaintiff,**

v.                                     **Case No: 8:12-CV-557-T-27EAJ**

**WELLS FARGO BANK, N.A., et al.,**

      **Defendants.**

_____/

### ORDER

Before the Court are **Plaintiff's Motion To Compel Responses To Plaintiff's First and Second Requests For Production and Incorporated Memorandum of Law** (Dkt. 107), **Defendant Wells Fargo Bank, N.A.'s Memorandum in Opposition** (Dkt. 119), and **Plaintiff's Reply Brief In Support of His Motion To Compel Responses to Plaintiff's First and Second Requests For Production** (Dkt. 135).  The motion to compel is granted in part and denied in part.

Plaintiff Receiver Burton W. Wiand ("Receiver") is the court-appointed Receiver for six hedge funds that lost millions of dollars during a decade-long Ponzi scheme orchestrated by Arthur Nadel ("Nadel").  Receiver brings claims for negligence, fraudulent transfer, and unjust enrichment against Defendant Wells Fargo Bank, N.A. ("Wells Fargo").  Wells Fargo is successor-in-interest to Wachovia Bank, N.A., ("Wachovia")  where Nadel maintained accounts to facilitate the Ponzi scheme.

In response to Receiver's First and Second Requests for Production, Wells Fargo provided initial responses to both as well as supplemental responses to the first request.  After the parties were unable to resolve disputes regarding eight requests, Receiver filed this motion to compel.

**<u>Discussion</u>**

A party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1).  Relevant discovery is defined broadly as any information that "appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u>  However, a court must limit the scope of discovery if the information sought is unreasonably cumulative or duplicative or if the burden of the proposed discovery outweighs the likely benefits. Fed. R. Civ. P. 26(b)(2)(C).  When a party fails to respond or objects to a discovery request, the serving party may request an order compelling disclosure after making a good faith effort to resolve the contested issue.  Fed. R. Civ. P. 37(a).

In responding to a request for production, a party must produce documents that are in the party's "possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1).  For purposes of production, "[c]ontrol is defined not only as possession, but as the legal right to obtain the documents requested upon demand." <u>Searock v. Stripling</u>, 736 F.2d 650, 653 (11th Cir. 1984).

**A. First Request for Production**

The documents at issue in Requests 28, 29, 30, 31, and 32 involve loan documents for Nadel and entities potentially involved in the Ponzi scheme.  Specifically, Receiver seeks (1) loan files; (2) loan committee memoranda; (3) loan committee minutes; (4) Board of Director minutes; and (5) internal loan review memoranda for: "any loans to Scoop Real Estate, L.P.; Victory Fund, Ltd,; Scoop Investments, L.P.; Victory IRA Fund, Ltd.; Scoop Capital, LLC; Scoop Management, Inc.; Intex Trading Corporation; Arthur Nadel DBA Valhalla Investments; Arthur Nadel DBA Viking Fund; Arthur Nadel; Laurel Preserve, LLC; [and] Guy-Nadel Foundation, Inc." (Dkt. 107 at 11-12) The documents are sought in  Requests 28, 29, 30, 31, and 32.

Receiver argues the documents are relevant to Wachovia's knowledge of Nadel's activities because they show what information Nadel provided to the bank. He states that Wells Fargo withheld responsive documents because Florida law prohibits disclosure of bank records absent a court order. See Fla. Stat. § 655.059(1).[1] Receiver therefore asks the Court to order Wells Fargo to produce the records.

Wells Fargo responds that it does not object to producing the records under court order. However, Wells Fargo takes issue with Receiver's use of the term "bank statements" to describe the documents in his motion. Wells Fargo explains that Receiver already has bank statements for the accounts at issue in this litigation and it does not agree to produce bank statements in response to the requests.

Although the parties agree that documents responsive to Requests 28-32 can be produced only under court order, it is unclear whether Receiver's use of "bank statements" in his motion was intended to broaden the requests or whether the term was chosen merely to refer to all the documents at issue. In any case, this ambiguity is not material, as Receiver asks the court to compel production of previously withheld records, and Wells Fargo agrees to do so under court order. Accordingly, Receiver's motion to compel responses to Requests 28, 29, 30, 31, and 32 is granted to the extent that Wells Fargo is ordered to produce all responsive documents previously withheld pursuant to Fla.

---

[1] Under Florida law, a financial institution's books and records are confidential and shall be made available only:

> [a]s compelled by a court of competent jurisdiction, pursuant to a subpoena issued pursuant to the Florida Rules of Civil Procedure, the Florida Rules of Criminal Procedure, or the Federal Rules of Civil Procedure, or pursuant to a subpoena issued in accordance with state or federal law.

Fla. Stat. § 655.059(1)(e).

Stat. § 655.059(1) within fourteen (14) days of this order.

**B. Second Request for Production**

In Request 1, Receiver seeks:

The factual portions of all internal audit reports regarding the BSA/AML programs and program compliance of Wachovia Bank, N.A. and SouthTrust Bank submitted to the Office of the Comptroller of the Currency (the "OCC") between 2000 and 2009, which the OCC authorized Wells Fargo Bank, N.A. to produce to the Receiver in correspondence dated May 29, 2013.

(Dkt. 107 at 10)

Receiver explains that the internal audit reports are relevant to his claims for negligence and fraudulent transfers. He also maintains that the OCC expressly consented to the release of the information by informing the parties that "[t]he OCC hereby authorizes Wells Fargo to produce to [Receiver] the factual portions of the requested internal audit reports." (Id. at 11)

Wells Fargo claims that Receiver is mischaracterizing the OCC's statements. Regardless, Wells Fargo submits that the request falls outside the scope of discovery for a variety reasons, including that banks have no duty to exercise due care in implementing bank policies and procedures.[2] However, Wells Fargo also declares that: "As of the date of filing this response, the Bank has not located any documents responsive to this request." (Dkt. 119 at 6 n.1)

Despite Wells Fargo's arguments to the contrary, the information encompassed by Request 1 is relevant because it pertains to the extent of Wachovia's knowledge regarding accounts linked

---

[2] Wells Fargo also contends the information is irrelevant because a negligence claim cannot be based on a bank's obligation to adopt policies for implementing the requirements of the Bank Secrecy Act and that a bank cannot be held liable in tort for failing to monitor transactions absent "clear evidence of knowledge of the agent's misappropriation." (Dkt. 119 at 4) Wells Fargo further argues that the information is irrelevant to its defense of good faith because compliance with the Bank Secrecy Act does not establish good faith.

to Nadel's Ponzi scheme.  Notwithstanding, Wells Fargo states unequivocally that it has not

identified any documents responsive to the request.  Given the gravity under Rule 26(g),

Fed.R.Civ.P. of such representations, Wells Fargo's assertion that it does not have any documents

is dispositive of the issue.  Therefore, Receiver's motion to compel a response as to Request 1 is

denied as moot because Wells Fargo says it has no responsive documents.  However, Wells Fargo

is reminded of its continuing obligation to "supplement or correct its disclosure or response" if it

"learns that in some material respect the disclosure or response is incomplete or incorrect[.]"  Fed.

R. Civ. P. 26(e)(1).

The two remaining requests at issue are based on investments made by Wachovia Securities

International Limited ("WSIL") in two hedge funds: Scoop Real Estate, L.P. ("Scoop Real Estate")

and Viking Fund, LLC ("Viking Fund").[3]  In each case, Wachovia participated in a derivative

transaction related to WSIL's investment.  In Request 5, Receiver seeks all documents "regarding

the derivative transaction and/or investment in Scoop Real Estate identified in WIAND0175621 to

WIAND0175694." (Dkt. 107 at 9)  Similarly, Receiver asks in Request 6 for "[a]ll documents

regarding the derivative transaction and/or investment in Viking Fund identified in WIAND0175695

to WIAND0175780." (Id. at 5)

Receiver submits that the information is relevant because, as a result of participating in these

investments, Wachovia may have received information showing that Nadel had a fiduciary duty to

the hedge funds.  He states that such information could potentially undermine Wells Fargo's

affirmative defense of good faith and support his claims for negligence, fraudulent transfers, and

---

[3] Scoop Real Estate and Viking Fund are two of the six hedge funds that Receiver **represents**. The others are: Valhalla Investment Partners, L.P.; Victory IRA Fund, Ltd.; Victory Fund, Ltd.; and Viking IRA Fund, LLC.

unjust enrichment.  Foremost, Receiver maintains that it is "not plausible" that Wells Fargo itself has no documents related to the transactions referenced in Requests 5 and 6.  (Dkt. 107 at 8)  Insofar as responsive documents may also be in the possession of other companies that are not parties to this litigation, Receiver argues that Wells Fargo has control over the documents through an agency relationship and/or corporate affiliation.  In support of his agency argument, Receiver filed a Reply brief and attached documentation that he claims undisputably establishes that the non-parties were Wachovia's agents.

In opposing the two requests, Wells Fargo asserts that they seek irrelevant information because any knowledge Wachovia may have gleaned through these transactions would be insufficient to show that Wachovia knew Nadel was stealing money.  Moreover, even if the information were relevant, Wells Fargo maintains that it does not have control over documents related to WSIL's investments in Scoop Real Estate or Viking Fund.  Wells Fargo contends that Receiver's allegation that WSIL was acting as Wachovia's "agent" is erroneous and unsupported. Additionally, although acknowledging that WSIL and Wachovia were affiliated entities, Wells Fargo submits they were not sufficiently interrelated to prove that the bank has control over documents in their possession.

Contrary to Wells Fargo's position, Requests 5 and 6 seek relevant documents because they pertain to information Wachovia possessed about Nadel's activities.  As directed below, the motion to compel is granted for documents within Wells Fargo's possession, custody, and control.  The question is whether Wells Fargo has control of documents in its affiliates' possession.

The party seeking production bears the burden of showing that the opposing party has control over the requested documents.  U.S. v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO, 870

F.2d 1450, 1452 (9th Cir. 1989) (citation omitted).  A principal is deemed to have control over documents in the possession of its agent.  Jans ex rel. Jans v. The GAP Stores, Inc., No. 6:05-cv-1534-Orl-31JGG, 2006 WL 2691800 at *2 (M.D. Fla. Sept. 20, 2006) (finding party had control over documents from prior litigation held by its attorney because an attorney is an agent of the client).  Additionally, in determining whether a party controls documents that are in the possession of a non-party affiliate, courts consider: "(1) the corporate structure of the party and the nonparties; (2) the nonparties' connection to the transaction at issue in the litigation; and (3) the degree to which the nonparties benefit from the outcome of the litigation." Costa v. Kerzner Int'l Resorts, Inc., 277 F.R.D. 468, 471 (S.D. Fla. 2011) (citation omitted).

As to agency, Receiver asserts that WSIL was acting as Wachovia's agent when it invested in the Viking Fund and Scoop Real Estate.  He points to one document that states WSIL's investment in the Viking Fund was "related to a derivative transaction which an affiliate of the subscriber,  Wachovia Bank, National Association, proposes to enter into, the return of which will be based in part on the return of the Fund." (Dkt. 107 Ex. 5 at 2)  Additionally, Receiver submitted materials describing another affiliated company – Wachovia Capital Markets, LLC – as acting "solely as agent of Wachovia Bank, National Association."  (Dkt. 135 Ex. 1 at 2)

Although Receiver contends that these documents plainly establish that WSIL was acting as Wachovia's agent regarding the entries described in Requests 5 and 6, the documents submitted fall short of establishing an agency relationship.  Even if Wachovia Capital Markets, LLC was acting as Wachovia's agent in the derivative transaction, it does not necessarily follow that WSIL was Wachovia's agent in making investments in Viking Fund and Scoop Real Estate.  Based on the present record, there is insufficient information to establish that Wells Fargo has control of

documents in the possession of its affiliates through an agency relationship.

As to control via corporate affiliation, Receiver asserts that "control exists where the party and its related nonparty affiliate are owned by the same individual." Costa, 277 F.R.D. at 472 (citations and internal quotation marks omitted).  Without elaboration, he concludes that Wachovia and WSIL are affiliated corporations, giving Wells Fargo control over documents held by the affiliate.

In response, Wells Fargo concedes that Wachovia, WSIL, and Wachovia Capital Markets, LLC are affiliated entities that share a common parent, Wachovia Corporation. (Dkt. 119 at 9-10) However, Wells Fargo describes the connection as "indirect" and explains that Wachovia and its affiliates "involved different subsidiary lines and several levels before reaching their publicly-traded remote-parent-in-common[.]" (Id.)  Wells Fargo argues that control typically is found in the context of closely held entities controlled by the same individual, which does not exist here.  Moreover, Wells Fargo submits that control cannot be established under the three-factor analysis set forth in Costa.

Though Costa is not binding, it is persuasive authority, and given that both parties rely on the case, its three-factor approach is useful.  In considering the corporate structure of the entities, Wachovia and its affiliates share a common parent.   Additionally, Receiver submitted documents showing that the transactions in Requests 5 and 6 impacted Wachovia and its affiliates to some degree.  Additionally, there is a connection between the nonparties and the underlying lawsuit to the extent that the transactions in Requests 5 and 6 may provide insight into the extent of Wachovia's knowledge.  Nonetheless, the nonparties WSIL and Wachovia Capital Markets, LLC have no stake in the outcome of this litigation.  Taken as a whole, Receiver's argument that Wells Fargo has

8

control over its affiliates' documents is not compelling.  Aside from sharing a common parent, the entities do not appear to have "commonality in their corporate structure and operations." Costa, 277 F.R.D. at 472 (citation omitted).  As such, the entities lack the interrelatedness that has existed in other cases where courts found control via corporate affiliation.[4]  Based on the foregoing, Wells Fargo cannot be deemed to control documents possessed by its affiliates.

Therefore, the motion to compel as to Requests 5 and 6 is granted for documents in the possession, custody, and control of Wells Fargo, but denied as to documents in the possession of WSIL and Wachovia Capital Markets, LLC.  Wells Fargo shall respond to Requests 5 and 6 within fourteen (14) days of this order.

Accordingly and upon consideration, it is hereby **ORDERED and ADJUDGED** that:

(1)   Plaintiff's Motion To Compel Responses To Plaintiff's First and Second Requests Production (Dkt. 107) is **GRANTED in part and DENIED in part** as described herein.  The discovery ordered to be produced shall be provided within fourteen (14) days of this order.

**DONE AND ORDERED** in Tampa, Florida on this 13th day of December, 2013.

---

[4] The Eleventh Circuit apparently has not addressed this issue, but district courts within the Eleventh Circuit have found control under varying circumstances.  See DeSoto Health & Rehab., LLC v. Philadelphia Indem. Ins. Co., No. 2:09-cv-599-FtM-99SPC, 2010 WL 4853891, at *3 (M.D. Fla. Nov. 22, 2010) (finding control where both companies were owned by the same two individuals and these individuals managed the day-to-day operations of the companies); Platypus Wear, Inc. v. Clarke Modet & Co., No. 06-20976-CIV, 2007 WL 4557158, at *5 (S.D. Fla. Dec. 21, 2007) (concluding that control existed where the party affiliate was the parent corporation and sole owner of the non-party affiliate).

ELIZABETH A JENKINS
United States Magistrate Judge