IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA—TAMPA DIVISION

BURTON W. WIAND, ESQ., as
Court-Appointed Receiver for
SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT
PARTNERS, L.P., VICTORY IRA
FUND, LTD., VICTORY FUND, LTD.,
VIKING IRA FUND, LLC, and
VIKING FUND, LLC,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., as
successor-in-interest to Wachovia Bank, N.A.
and Timothy Ryan Best,

    Defendants.
_____/

CASE NO. 8:12-cv-00557-JDW-EAJ

## DEFENDANT'S MOTION TO EXCLUDE EVIDENCE RELATING TO ACCOUNTS OF NON-PLAINTIFFS

Defendant Wells Fargo Bank, N.A. as successor by merger with Wachovia Bank, National Association (the "Bank"), moves to exclude any evidence regarding any accounts that were titled in, or owned by, non-plaintiffs ("Non-Plaintiff Accounts"). Such evidence: (a) is not admissible under Rule 402; or (b) should be excluded under Rules 403 and 404.

Only three hedge funds have pending negligence claims: Scoop Real Estate, L.P. ("SRE"), Victory Fund, Ltd. ("Victory") and Viking Fund, LLC ("Viking") (the "Plaintiff Hedge Funds"). But the Receiver wishes to establish the Bank's alleged negligence to the Plaintiff Hedge Funds with evidence regarding separate accounts of non-plaintiffs, and in some instances, with evidence regarding accounts that were not in the name of any Receivership entity (such as Intex Trading Corporation and Arthur Nadel as Trustee of the

1

Clark Nadel Revocable Trust).  *See, e.g.*, Appendices M & N to Report of Receiver's Expert Catherine Ghiglieri ("Ghiglieri Report"), attached hereto as **Composite Exhibit A**. Allowing evidence regarding Non-Plaintiff Accounts would be improper.

The Receiver intends to offer "expert" testimony that by "opening the <u>*Nadel-related accounts*</u> with missing documentation and failing to either obtain or maintain signature cards, the Bank violated the Bank Secrecy Act" and that account opening documents were missing for Non-Plaintiff Accounts such as Traders Investment Club, Intex Trading Corporation, Scoop Capital LLC, Arthur Nadel and A. Nadel Money Market Account.  *See* Ghiglieri Report, pp. 26-27 (emphasis added), attached hereto as **Exhibit B**.  None of those account holders has a claim in this case.  Likewise, there are no pending negligence claims on behalf of Arthur Nadel Trustee of the Clark Nadel Revocable Trust, Scoop Capital LLC, Arthur Nadel d/b/a Valhalla Investments, Traders Investment Club or Intex Trading Club, but the Receiver's expert intends to testify that "certificates of authority" were missing for accounts in those names. *See* Ex. B p. 2.  Although Viking has a pending negligence claim, the Bank owed no duty of care to Viking in connection with the opening of the Arthur Nadel d/b/a Viking Fund account.  *See* Dkt. 37, p. 5; Dkt. 77, pp. 11-13; *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Raczkowski*, 2014 U.S. App. LEXIS 15505 (8th Cir. Aug. 13, 2014).  Thus, any challenge the Receiver has regarding account documents must be limited to the SRE and Victory accounts.

Evidence that the Bank was negligent for not identifying or investigating "red flag" activity in Non-Plaintiff Accounts is not relevant to the claims of the Plaintiff Hedge Funds. The Bank did not breach any duty to SRE, Victory or Viking by failing to investigate account

activity, especially in the Non-Plaintiff Accounts. *See, e.g.*, *Lawrence v. Bank of Am., N.A.*, 455 F. App'x 904, 907 (11th Cir. 2012).

The negligence claims must stand or fall based on evidence regarding, or transactions that occurred in, the SRE, Victory and Arthur Nadel d/b/a Viking Fund accounts. Evidence of activity in different accounts cannot be used, and is irrelevant to, a claim that the Bank was negligent with respect to the Plaintiff Hedge Funds. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence of activity in the Non-Plaintiff Accounts for which no negligence claim exists does not satisfy the federal standard for relevance. Fed. R. Evid. 401 (requiring evidence "to make a fact more or less probable than it would be without the evidence"); *see also Jones v. Southern Pac. R.R.*, 962 F. 2d 447, 449-450 (5th Cir. 1992).

Allowing evidence of Non-Plaintiff Account activity will conflate the issues, confuse the jury and, in effect, impermissibly permit the Receiver to use irrelevant evidence as a surrogate for evidence that the Bank breached a duty owed to SRE, Victory or Viking. Rule 403 prohibits such a tactic. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury . . . .").

The Receiver may not introduce evidence of Non-Plaintiff Account activity to establish the Bank had a tendency or character to act in a manner that the Receiver claims was negligent. Rule 404 prohibits this approach. "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Applying this rule to an

organization, the Receiver may not attack the Bank's character by using evidence regarding Non-Plaintiff Accounts to support a claim of negligence for the Plaintiff Hedge Funds.

Additionally, a party's prior acts of negligence are not admissible to prove negligence in other acts. The Fifth Circuit addressed this issue in *Jones v. Southern Pacific Railroad*, 962 F. 2d 447, 449 (5th Cir. 1992), and affirmed the trial court's ruling that, under Rule 404, a train engineer's prior safety infractions were not admissible to prove he was negligent with respect to the accident at issue. "The reason for the rule is that such character evidence is of slight probative value and tends to distract the trier of fact from the main question of what actually happened on a particular occasion." *Id.* The train engineer's prior safety infractions "had little to do with what actually happened on the day of the wreck." *Id*. (citing *Moorhead v. Mitsubishi Aircraft Int'l, Inc.*, 828 F.2d 278, 287 (5th Cir. 1987) and *American Airlines, Inc. v. United States*, 418 F.2d 180, 197 (5th Cir. 1969)); *see also Dream Custom Homes, Inc. v. Modern Day Constr., Inc.*, 476 F. App'x 190, 192-193 (11th Cir. 2012) (evidence of prior acts of copyright infringement not admissible to prove character to demonstrate action in conformity with that character).

If evidence regarding other accounts is allowed, "there would be, in effect, a mini-trial on each such claim. That is wholly unacceptable where the only claims that are material are the claims of the plaintiffs in this litigation." *Royal Bahamian Ass'n v. QBE Ins. Corp.*, 745 F. Supp. 2d 1380, 1384 (S.D. Fla. 2010) (quoting *Burley v. Homeowners Warranty Corp.*, 773 F. Supp. 844, 858 (S.D. Miss. 1990)). "[T]he admission of such evidence would be unduly time-consuming, unfairly prejudicial and unnecessarily confusing." *Id.* Allowing the Receiver to introduce evidence relating to the Non-Plaintiff Accounts and requiring the

Bank to respond to it would waste judicial resources, confuse the jury and unfairly prejudice the Bank.

For the foregoing reasons, the Bank respectfully requests the Court to exclude evidence of Non-Plaintiff Account activity.

/s Charles M. Harris, Jr.
Marvin Barkin (3564)
Dale W. Cravey (856428)
Charles M. Harris (967459)
Beth A. Cronin (0054933)
TRENAM, KEMKER, SCHARF,
BARKIN, FRYE, O'NEILL & MULLIS, P.A.
200 Central Ave., Suite 1600
St. Petersburg, FL 33701
Phone 727.896.7171/Fax 727.822.8048
mbarkin@trenam.com; dcravey@trenam.com;
charris@trenam.com; bcronin@trenam.com
Attorneys for Defendant Wells Fargo Bank, N.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing, together with a notice of electronic filing of same, has been furnished via the Court's CM/ECF system to Terry A. Smiljanich, Esq., Sean P. Keefe, Esq., Sean Estes, Esq., and Christopher Casper, Esq., James Hoyer Newcomer & Smiljanich, P.A., One Urban Centre, Suite 550, 4830 W. Kennedy Blvd., Tampa FL 33609 this 17th day of September 2014.

/s Charles M. Harris, Jr.
Attorney