UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON W. WIAND, ESQ., as
Court-Appointed Receiver for
SCOOP REAL ESTATE, L.P., et al.,

      Plaintiff,

vs.                                                      Case No: 8:12-cv-557-T-27EAJ

WELLS FARGO BANK, N.A., et al.,

      Defendants.

_____/

## ORDER

**BEFORE THE COURT** are Defendant Wells Fargo Bank, N.A.'s ("the Bank's") Motion for an Award of Expenses Including Reasonable Attorneys' Fees (Dkt. 327), the Bank's Motion to Tax Costs Against Plaintiff (Dkt. 327), and Plaintiff Burton Wiand's ("the Receiver's") opposition to the motion for attorneys' fees (Dkt. 333) and the motion to tax costs (Dkt. 334). United States Magistrate Judge Elizabeth A. Jenkins issued a Report and Recommendation recommending that the motion for attorneys' fees be denied and the motion to tax costs be granted in part and denied in part (Dkt. 336). The Bank filed objections to the Report and Recommendation (Dkt. 338), to which the Receiver has responded (Dkt. 339). Upon consideration, the Bank's objections are **OVERRULED** and the Report and Recommendation is **ADOPTED** as the opinion of the Court.

## I.    INTRODUCTION

This case arises out of Arthur Nadel's Ponzi scheme. The Receiver, on behalf of six hedge funds looted by Nadel, sued the Bank for fraud, breach of fiduciary duty, conversion, negligence,

fraudulent transfer, and unjust enrichment, alleging that Nadel maintained accounts at the Bank[1] to facilitate his Ponzi scheme. After final judgment was entered in favor of the Bank on all remaining claims (Dkt. 326), the Bank moved for attorneys' fees and costs, on the basis of contracts that the hedge funds Victory Fund, Ltd. ("Victory") and Scoop Real Estate, L.P. ("SRE") and non-party Laurel Preserve, LLC entered into with the Bank.

## II.   STANDARD

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Objections must "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see Leatherwood v. Anna's Linens Co.*, 384 Fed. App'x 853, 857 (11th Cir. 2010). In the absence of specific objections, there is no requirement that findings be reviewed *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Nevertheless, the district court reviews the report and recommendation for "clear error" even in the absence of objections. *Macort v. Prem, Inc.*, 208 Fed. App'x 781, 784 (11th Cir. 2006). Even if no objections to the findings or recommendations have been filed, the district court may "undertake 'further review . . . , *sua sponte* or at the request of a party, under a de novo or any other standard." *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006) (quoting *Thomas v. Arn*, 474 U.S. 140, 154 (1985)).

---

[1] Wells Fargo is the successor-in-interest to Wachovia and SouthTrust Bank. Nadel had accounts at both Wachovia and SouthTrust.

2

## III.   DISCUSSION

The Bank objects to (1) the standard the Magistrate Judge applied to interpret contractual provisions shifting attorneys' fees under Florida law, (2) the interpretation of the Victory deposit agreement as not allowing for attorneys' fees for first party claims, (3) the interpretation of the SRE deposit agreement as ambiguous and construing it against the Bank, (4) the interpretation of the SRE loan documents as not applying to fraudulent transfer claims, and (5) the finding that loan documents entered into by Laurel Preserve were not applicable.

### A.   Standard

The Bank's first argument is that the Magistrate Judge erred in "strictly constru[ing]" the contractual provisions regarding attorneys' fees. *See Succar Succar v. Safra Nat'l Bank of New York*, 237 Fed. App'x 526, 528 (11th Cir. 2007) ("Under Florida law, a "'contractual attorney's fee provision must be strictly construed.'") (quoting *B & H Const. & Supply Co. v. Dist. Bd. of Trustees of Tallahassee Cmty. Coll., Florida*, 542 So. 2d 382, 387 (Fla. 1st DCA 1989)). The Bank's contention is essentially that the Eleventh Circuit's statement of Florida law in *Succar Succar* was incorrect. The Bank relies on *Sholkoff v. Boca Raton Cmty. Hosp., Inc.*, 693 So. 2d 1114, 1118 (Fla. 4th DCA 1997), which is discussed in *Succar Succar*, 237 Fed. App'x at 528. Despite the Bank's contention, *Sholkoff* is consistent with *Succar Succar*. *Sholkoff* explains that "the rule is that if an agreement for one party to pay another party's attorney's fees is to be enforced it must unambiguously state that intention and clearly identify the matter in which the attorney's fees are recoverable," which "is not so much a matter of strict construction as it is a rule for resolving ambiguities." 693 So. 2d at 1118. The Magistrate Judge properly applied the Florida rule for construing contractual attorneys' fees provisions, by requiring "unambiguous[]" language providing

3

for attorneys' fees and when the language is "ambiguous . . . not struggl[ing] by construction of the language employed to infer an intent for fees that has not been clearly expressed." *Id.* The Bank's objection to the Magistrate Judge's statement and application of the standard is overruled.

### B.   Victory Account Provision

Next, the Bank argues the Magistrate Judge erred in construing the terms of the Victory deposit account agreement to shift attorneys' fees only for adverse claims by a third party for the account. As both the Magistrate Judge and Receiver point out, however, the Bank relies on an excerpt from the provision, provided without context. (*See* Dkt. 223 Ex. 1 ¶ 20 ("In the event of any dispute with respect to the account . . . You agree to reimburse us for all expenses, including attorneys' fees.")) The full provision supports the Magistrate Judge's reading, as the cited language is from a section entitled "Adverse Claim to the Account" and the other language makes it clear that the language refers to a "dispute over who has the right to make withdrawals from the account or who is the owner of the funds on deposit to the account," or "any actual or potential adverse claim to the account." (*Id.*)[2] The Receiver's claims did not involve a dispute over who had the right to withdraw funds for the account, who was the owner of the account, or an adverse claim to the account. The clause in the Victory deposit agreement therefore does not entitle the Bank to attorneys' fees.

### C.   SRE Account Provision

The Bank also relies on the SRE deposit account agreement. The SRE agreement includes language similar to the Victory provision, referencing "an actual or potential claim from a third party

---

[2] As the Magistrate Judge explained, "adverse claim" is a term of art relating to a third party's interest in a financial instrument. *See* U.C.C. § 8-102.

regarding your account" in the first sentence. (Dkt. 159-6 ¶ 40). However, the SRE provision also includes broader language in one sentence, providing attorneys' fees for "any dispute between you and us involving the account." (*Id.*) Analyzing the provision as a whole, the Magistrate Judge found that it was ambiguous as to whether it applied only to third party disputes, which were the focus of most of the provision. Applying the rules of construction requiring a clear, unambiguous statement of intent to shift attorneys' fees, and construing ambiguity against the Bank, which drafted the provision, the Magistrate Judge found that the provision did not support an award of attorneys' fees.

In response, the Bank relies on the Eleventh Circuit's decision in *ADF International, Inc. v. Baker Mellon Stuart Construction, Inc.*, 31 Fed. App'x 939 (unpublished table opinion), No. 01-12454 (11th Cir. Feb. 13, 2002), but the case is distinguishable. In *ADF*, the Eleventh Circuit held that a broad indemnification provision contained in a contract between the parties applied, even though one of the parties argued it only indemnified against third-party claims, relying on the final sentence of the provision. *Id.* at 7-8. The provision stated:

> [ADF] shall indemnify, defend and hold [Baker Mellon], its affiliates, subsidiaries, and parent corporations and . . . any other entity entitled to indemnification under the Contract Documents, and their officers, directors, employees and consultants and each of them (the "Indemnified Parties"), harmless from and against any and all claims, demands, suits, actions, expenses, judgments, losses and liabilities, including fines and penalties, costs and attorneys' [. . .] fees as a result of [ADF's] actual or alleged failure to perform this Subcontract in accordance with the terms of this Subcontract and the Contract Documents. The foregoing obligations of [ADF] shall include, but are not limited to, indemnifying, defending and holding harmless from claims made by third parties against any of the Indemnified Parties.

By contrast, the SRE account provision, read as a whole, primarily concerns "actual or potential claim[s] from a third party." *See Washington Nat. Ins. Corp. v. Ruderman*, 117 So. 3d 943,

948 (Fla. 2013) (when construing contracts, courts should "read [the relevant sections] as a whole" and "should avoid concentrating on certain limited provisions to the exclusion of the totality of others.") (quoting *U.S. Fire Ins. Co. v. J.S.U.B., Inc.*, 979 So. 2d 871, 877 (Fla. 2007)) (further quotation omitted). While the inclusion of the broader language about "any dispute between you and us involving the account" may introduce ambiguity about the intent of the provision, it does not transform the provision into an "unambiguous[], clear[]" statement that attorneys' fees are recoverable, as required by Florida law. *See Sholkoff*, 693 So. 2d at 1118. Additionally, as the Magistrate Judge concluded, ambiguity in the provision must be construed against the Bank, which drafted it. *See City of Homestead v. Johnson*, 760 So. 2d 80, 84 (Fla. 2000) ("An ambiguous term in a contract is to be construed against the drafter."). The objection is overruled.

### D.   SRE and Laurel Preserve Loan Documents

The Bank argues that provisions in the SRE and Laurel Preserve mortgage loan agreements provide for the recovery of fees, because the Bank prevailed on the fraudulent transfer claims.[3] However, the mortgage loan agreements shift fees "incurred to enforce or collect any of the Obligations" (Dkt. 162-1 p. 2),[4] "to protect the security . . . of [the] mortgage," and "incurred . . . because of the failure of the [Mortgagor] to perform, comply with, and bide by each and every stipulation, agreement, condition and covenant [of the promissory note and mortgage]." (*Id.* pp. 14,

---

[3] The Bank objects to the Magistrate Judge's finding that the Laurel Preserve loan documents were not at issue. The Magistrate Judge was correct because Laurel Preserve was not a party to this action. Even if Laurel Preserve were a party, as explained below, the loan documents do not support an award of fees.

[4] Obligations are defined as "any all indebtedness and other obligations under this Note, all other obligations under any other Loan Document(s), and all obligations under any swap agreements . . . between Borrower and Bank." (Dkt. 162-1 p. 2).

6

28, Dkt. 164-1 pp. 2, 17-18).[5] The fraudulent transfer claims were brought to avoid transfers of security interests and loan payments that were already made, and not to enforce the security interests, protect the security of the mortgage, or as a result of a failure to comply with the conditions of the note and the mortgage. *See Invo Florida, Inc. v. Somerset Venturer, Inc.*, 751 So. 2d 1263, 1266 (Fla. 3d DCA 2000) (fraudulent transfer elements "are different than the ones required . . . to prove a breach of contract action and are plainly independent of the contract. . . ."). *Accord Commerce First Fin., LLC v. Summerlin Bass, LLC*, No. 2:10-cv-290-FTM-36, 2011 WL 7316326, at *2-3 (M.D. Fla. Sept. 13, 2011) (denying motion for attorneys' fees because "an action for fraudulent transfer is not an action to collect or to secure any obligation under the Promissory Note."), *report and recommendation adopted*, No. 2:10-cv-290-FTM-36, 2011 WL 4902988 (M.D. Fla. Oct 14, 2011).[6]

### E.    Costs

Neither party challenges the Magistrate Judge's recommendations regarding taxable costs, and they are not clearly erroneous. The Bank's contention that otherwise nontaxable costs are awardable based on fee-shifting provisions of the contracts is rejected for the same reasons given above.

### IV.    CONCLUSION

1.    The Bank's objections to the Report and Recommendation (Dkt. 338) are

---

[5] The Laurel Preserve provisions are similar: "Borrower shall pay all of Bank's reasonable expenses actually incurred to enforce or collect any of the Obligations," and "Grantor shall . . . indemnify . . . Bank from and against . . . costs and expenses (including, without limitation, reasonable attorneys' fees . . .) . . . incurred by Bank on account of . . . failure of Grantor to comply with any of the terms of, or the inaccuracy or breach of any representation in, the Loan Documents." (Dkt. 166-1 pp. 4, 21-22).

[6] As the Bank concedes, its argument that attorneys' fees should be awarded for all claims because they are inextricably intertwined hinges on being entitled to fees for at least one claim by one party. None of the cited provisions supports a shift of fees, and therefore the argument that the claims are inextricably intertwined is moot.

**OVERRULED**.

2.    The Report and Recommendation (Dkt. 336) is **ADOPTED** as the opinion of the

Court, for all purposes, including for appellate review.

3.    Defendant's Motion for an Award of Expenses including Reasonable Attorneys' Fees

(Dkt. 327) is **DENIED**.

4.    Defendant's Motion to Tax Costs Against Plaintiff (Dkt. 329) is **GRANTED** *in part*

and **DENIED** *in part*. The Bank is awarded $40,312.94 in costs, subject to the

approval of the Court in the Receivership Action.

5.    The file shall remain closed.

**DONE AND ORDERED** this **28**th day of January, 2016.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

8